1   MARILYN FINE, ESQ.
    Nevada Bar No. 005949
2   MEIER & FINE, LLC
    2300 West Sahara Avenue, Suite 430
3   Las Vegas, Nevada 89102
    (702) 673-1000
4   Attorneys for Defendant
    INDYMAC FEDERAL BANK, FSB

5

6

7                   UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9   EDNA IGAYAC and ALBERT IGAYAC,        Case No.

10                  Plaintiffs,
                                          NOTICE OF REMOVAL OF CIVIL
11  *vs.*                                 ACTION BASED ON FEDERAL
                                          QUESTION *28 U.S.C. §1441(a)*
12  INDYMAC BANK, QUALITY LOAN
    SERVICE CORP., and DOES 1-X, inclusive,
13
                    Defendants.
14

15  TO:  UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

16          INDYMAC FEDERAL BANK, FSB *incorrectly named as IndyMac Bank* ("IndyMac"),

17  the removing party herein, hereby shows the following:

18          1.      Plaintiff filed the State Court Action on or about November 14, 2008.  True and

19  correct copies of the Summons, Complaint, and Notice of Pendency of Action are attached

20  hereto as **Exhibits A through C** and incorporated herein.  Exhibits A through C contain all

21  process, pleadings, and orders received by IndyMac in the State Court Action.

22          2.      Upon information and belief, IndyMac received the Summons and Complaint on

23  or about January 12, 2009.  IndyMac seeks to remove this Case within 30 days after its receipt

24  of the Complaint and within one year after the filing of the Complaint.

25  . . .

26  . . .

27  . . .

28  . . .

MEIER & FINE, LLC
2300 West Sahara Avenue, Suite 430
Las Vegas, Nevada 89102
Tel: (702) 673-1000
Fax: (702) 673-1001

3. The Complaint alleges that in granting, processing and servicing her loan, IndyMac and Quality Loan Service Corp. engaged in wrongful or negligent conduct, including violation of federal statutes such as the Real Estate Settlement Procedures Act (12 USC §2601) and the Truth in Lending Act (15 U.S.C. §1601).  See Third Cause of Action of Complaint in Exhibit A.  Thus, adjudication of this matter is based in pertinent part on federal law.

4. Removal of this action is proper under 28 U.S.C. §1441(a) because the Complaint presents a federal question and accordingly, could have been filed in federal court originally.

5. According to the Eighth Judicial District Court Docket available online through Blackstone, it appears that as of February 3, 2009, none of the Defendants have filed Answers or other responsive pleadings in the State Court Action.  A copy of the Blackstone State Court Docket as of February 3, 2009 is attached hereto as **Exhibit D** and incorporated herein.  Based on the foregoing, it appears that the filing of joinders by the other Defendants in this Petition is unnecessary or premature.

6. According to the Eighth Judicial District Court Docket available online through Blackstone, no Affidavits of Service have been filed in this Case as of February 3, 2009.  As a result, IndyMac has been unable to determine whether the other Defendant has been served with the Summons and Complaint.

7. IndyMac is filing a Notice of Removal with the Clerk of the Eighth Judicial District Court Docket contemporaneously herewith.

BASED ON THE FOREGOING, this action is hereby removed to the U.S. District Court, District of Nevada pursuant to 28 U.S.C. 1446.

DATED this ⟋ day of February, 2009.

MEIER & FINE, LLC

By _____
MARILYN FINE, ESQ.
Nevada Bar No. 005949
2300 West Sahara Avenue, Suite 430
Las Vegas, Nevada 89102
Attorneys for Defendant
INDYMAC FEDERAL BANK, FSB

MEIER & FINE, LLC
2300 West Sahara Avenue, Suite 430
Las Vegas, Nevada 89102
Tel: (702) 673-1000
Fax: (702) 673-1001

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that a true copy of the **PETITION FOR REMOVAL OF ACTION** was deposited in the United States mail in Las Vegas, Nevada, this ___ day of January, 2009, addressed to the following:

Edna Igayac and Albert Igayac
7957 Skyline View Court
Las Vegas, Nevada  89113

_____
An Employee of Meier & Fine, LLC

MEIER & FINE, LLC
2300 West Sahara Avenue, Suite 430
Las Vegas, Nevada 89102
Tel: (702) 673-1000
Fax: (702) 673-1001

1005 541 428 - BK (FL Susp)
wells Fargo
1m check 04/05
orig

Pro Se

RECEIVED BY
LEGAL DEPARTMENT

JAN 12 2009

CSC

**SUMM**
1 EDNA IGAYAC
2 ALBERT IGAYAC
7957 Skyline View Court
3 Las Vegas, NV 89113
(702) 277-6810
4 Plaintiff In Pro Se

5

6                    DISTRICT COURT

7              CLARK COUNTY, NEVADA

8 EDNA IGAYAC,  ALBERT IGAYAC
9 Husband and Wife

10                                              A 5 7 5 7 2 9

11              Plaintiff,          CASE NO.

                                     DEPT. NO.  XXVIII
12 V.

13 INDYMAC BANK/QUALITY LOAN
14 SERVICE CORP., and Does 1-X
   Inclusive.
15
                 Defendants
16

17              SUMMONS - CIVIL
18 NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
19 READ THE INFORMATION BELOW.

20
   TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against
21
   you for the relief set forth in the Complaint.
22
        1.    If you intend to defend this lawsuit, within 20 days after this Summons is
23
              served on you, exclusive of the day of service, you must do the following:
24
              (a) File with the Clerk of this Court, whose address is shown below, a
25
                  formal written response to the Complaint in accordance with the rules
26
                  of the Court, with the appropriate filing fee.
27
              (b) Serve a copy of your response upon the attorney whose name and
28

                                              IGAYAC SUMM/11/10/2008

A

1         address is shown below.

2     2.     Unless you respond, your default will be entered upon application of the

3 Plaintiff(s) and failure to so respond will result in a judgment of default against you for

4 the relief demanded in the Complaint, which could result in the taking of money or

5 property or other relief requested in the Complaint.

6     3.     If you intend to seek the advice of an attorney in this matter, you should do

7         so promptly so that your response may be filed on time.

8     4.     The State of Nevada, its political subdivisions, agencies, officers,

9         employees, board members, commission members and legislators each

10         have 45 days after service of this Summons within which to file an Answer

11         or other responsive pleading to the Complaint.

12

13                         EDWARD A. FRIEDLAND
                        CLERK OF THE COURT

14 Submitted by:                       By:  MARY ANDERSON

15                               Deputy Clerk         Date

16 EDNA IGAYAC

17 ALBERT IGAYAC                       Regional Justice Center

18 7957 Skyline View Court              200 Lewis Avenue
  Las Vegas, NV 89113                 Las Vegas, NV 89155

19 (702) 277-6810

20

21

22

23

24

25 **NOTE: When service is by publication, add a brief statement of the object of the
action. See Nevada Rules of Civil Procedure 4(b).**

26

27

28

                                        IGAYAC SUMM/11/10/2008

**ORIGINAL**

1 | COMP
EDNA IGAYAC
2 | ALBERT IGAYAC
7957 Skyline View Court
3 | Las Vegas, NV 89113
(702) 277-6810
4 | Plaintiffs in Proper Person

FILED

Nov 14  12 38 PM '08

CLERK OF THE COURT

5

### DISTRICT COURT

6

### CLARK COUNTY NEVADA

7

8 | EDNA IGAYAC, ALBERT IGAYAC
Husband and Wife

CASE NO: A575729
Department: XXIII

9 | Plaintiff,

10

11 | V.

COMPLAINT

12 | INDYMAC BANK, QUALITY LOAN
SERVICE CORP., and Does 1-X Inclusive.

13

<u>Exemption from Arbitration Claimed as
Title to Real Estate is in issue and the
amount exceeds the limit of arbitration</u>

14 | Defendants.

15

16 | Plaintiff complains and for causes of action alleges as follows:

17 | ### PARTIES

18 | 1. Plaintiffs, EDNA IGAYAC and ALBERT IGAYAC at all times relevant have been

19

20 | residents of the County of Clark, State of Nevada and the owner of Real Property, including but

21 | not limited to the property at issue herein, 7957 Skyline View Court, Las Vegas, NV 89113

22 | The Legal descriptions are as follows:

23 | APN:   176-104-13-056

Lot ONE HUNDRED SIXTY-TWO (162) in Block ONE (9) of the Final Map of
NEVADA TRAILS R2-55 No. 5 PHASE II as shown by Map thereof on file in Book 109
of Plats Page 23 in the Office of the County Recorder of Clark County Nevada

2. Mortgage Electronic Registration Systems Inc., ("MERS") is not a defendant in this

litigation however at all times herein mentioned was doing business in the County of Clark, State

RECEIVED
NOV 14 2008
CLERK OF THE COURT

1

of Nevada and alleged to be the Beneficiary regarding Plaintiff's Real Property as described above and as Situated in Clark County Nevada.

3. (a) Defendant, INDYMAC BANK., at all times herein mentioned was doing business in the County of Clark, State of Nevada and was the original Lender for Plaintiff's First Trust Deed and Note .

4.    (b) Defendant, QUALITY LOAN SERVICE CORP. at all times relevant were and are doing business in the County of Clark State of Nevada and have claimed and are claiming an interest in Plaintiff's Property either as a loan servicer, or Trustee or Beneficiary these defendants are somewhere in the chain of loan servicers and have no other interest in this Note, and was appointed to conduct the foreclosure of the above named real property.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I through X, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when they have been ascertained.

6. Plaintiff is informed and believe and thereon allege that, at all times herein mentioned each of the defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining defendants thereof and at all times was acting within the purpose and scope of such agency and employment.

## GENERAL ALLEGATIONS

7. Plaintiffs general allegations are incorporated throughout the entire complaint.

8. Plaintiff purchased the foregoing Real Property and on or about April 15, 2005 financed his purchase through INDYMAC BANK, by virtue of a First Trust Deed and Notes securing the Loans.

9.  Defendant INDYMAC BANK caused MERS to go on title as the "Nominee Beneficiary" in order to hide the true Identity of the successive Beneficiaries, On information and belief a Nominee is a person or entity or organization in whose name a security is registered though true ownership is held by another party, in other words MERS is not the Beneficiary.

10.  On information and Belief MERS was not and is not an Agent and has NO right to act for or on behalf of or as a Beneficiary, but is merely a Nominee who holds title in his name for another, and even this title is defective as the Beneficiary is not disclosed.

11.  On information and belief INDYMAC BANK immediately sold the notes and Trust Deeds ("TD") prior to or after the first payment became due, eventually the defendants as sued herein claimed an interest in the said Notes and Trust Deeds, and MERS wrongfully acted as the Beneficiary and substituted QUALITY LOAN as the successive trustee and  QUALITY LOAN thereafter recorded the Notice of Default, and election to sell at auction notices, and has set a sale Date for this Auction. There claimed interest is at best a Fraud as will be more fully explained hereinafter.

12.  The terms and conditions of the loans as they would progress through time was not explained to Plaintiff, these loans were neither proper nor suitable for his condition and station in life, these loans exceeded the reasonable expected value of the property at that time and in the foreseeable future based upon expected market changes; these loans were an attempt to acquire mortgage broker premiums, appraiser fees, lender service fees, and to pay sub-prime loans all to the advantage of the Defendants and disadvantage of the Plaintiffs and this was done as a group of individuals in this industry or concerted action or through civil conspiracy, all to the disadvantage of the Plaintiff as pled more particularly below.

Complaint

## FIRST CLAIM FOR RELIEF
Suitability

13.     Defendants, and each of them all retained a professional duty and obligation to Plaintiff to ensure that only those loans which were most suitable to their personal financial condition, the property at issue, and his financial well-being would be presented and offered to him; these Defendants knew that Plaintiff would rely upon the Defendants' greater expertise and knowledge in this area in making their selection, if any, for refinancing of their existing mortgages.  The Defendants breached their professional duties and obligations by providing a sub-prime loan that was not suitable nor appropriate for their personal financial condition and well-being.  As a result of the breach of the duty to provide suitable lending instruments to the Plaintiff, the Plaintiff has sustained, and will continue to sustain irreparable damage of both their credit history, credit rating, mortgage rating, the inability to obtain an additional mortgage, inability to obtain alternate financing, inability to obtain a fixed rate financing at the prevailing favorable rate available.

## SECOND CLAIM FOR RELIEF
Negligence

14.     Defendants, and each of them, owed a duty to Plaintiff to perform their professional services in a manner which placed Plaintiff's interests above the Defendants and to deal honestly, directly, and accurately with the Plaintiff, the documents, and each other.  The Defendants, and each of them, breached their duty to the Plaintiff by failing to disclose relevant information, failing to provide additional options for the Plaintiff, failing to conduct reasonable evaluation into the merits of the loan transactions and the property itself, and other regular, customary and usual activities that are born and conducted by professionals of their same nature and type.  As a direct result of the breaches by the Defendants, and each of them, Plaintiff was placed into loans that

4

were inappropriate for their personal financial circumstances at the time, Plaintiff was mislead regarding the nature of their transaction, and other wrongful conduct, all of which lead to Plaintiff's damages as discussed herein.

15.   As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded appropriate damages.

16.   As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature and must be awarded appropriate damages.

17.   As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

### THIRD CLAIM FOR RELIEF
Negligence per se

18.   The mortgage broker Defendants and lender Defendants are subject to Nevada Revised Statues and Nevada Administrative Code provisions that govern and direct their conduct. Plaintiff was a member of the class of citizens of the State of Nevada for whose benefit the Statutes and Codes were enacted and for whose protection the Statutes and Codes were designed to provide. The Defendants violated the Statutes and Codes enumerated at NRS 645B.460 *et seq* and 598D.100 *et seq* and Federal Regulations such as RESPA, Truth in Lending, etc.

19.   As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded damages.

20.    As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded damages.

21.    As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

## FOURTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty

22.    All Defendants were agents of Plaintiff or Defendants were compensated to work for or on behalf of Plaintiff to close the loan transactions discussed herein all of which gave rise to a fiduciary duty owed by the Defendants to Plaintiff to perform their duties, obligations, and functions in a fair, upstanding, honest, forthright manner, and to conduct themselves so that Plaintiff would experience the benefit of their professional education, training, and to place the Plaintiff's interests above and before the interests of the Defendants. The Defendants breached their fiduciary duty to the Plaintiff in the performance of their professional duties and obligations, which breaches caused Plaintiff to suffer damages discussed herein.

23.    As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded damages.

24.    As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded appropriate damages.

6

Complaint

25.   As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

### FIFTH CLAIM FOR RELIEF
Negligent Misrepresentation

26.   The Defendants, and each of them, had a duty and obligation to represent accurately, truthfully, and completely all the information that Plaintiff relied upon in performing his investigation, consideration and evaluation of whether to obtain additional mortgage financing, alternate mortgage financing, and/or the selection of refinancing for the subject property.  The Defendants breached their duty and obligation to provide accurate, truthful and complete information by failing to provide the information to Plaintiff in a manner that they would understand with his limited understanding, education and training in these matters, and they failed to provide all the information necessary for Plaintiff to make a complete accurate and well-thought decision on these financial issues, all of which caused them damage.  Plaintiff relied upon the negligent misrepresentations of the Defendants in forming their decision regarding the loan transactions at issue.

27.   As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded appropriate damages.

28.   As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded appropriate damages.

7

Complaint

29.   As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

### SIXTH CLAIM FOR RELIEF
Intentional Misrepresentation

30.   The Defendants, and each of them, had a duty to represent accurately, truthfully, and completely all the information to Plaintiff and in a manner that the Plaintiff actually understood the content of the information so that Plaintiff could make and be responsible for the decision whether to refinance, if so, which loan to use to refinance, and the advantages and disadvantages of the various types of loans. The Defendants, and each of them, intentionally misrepresented the nature of the loans, that the Plaintiff needed, that a mortgage of a sub-prime nature was in Plaintiff's benefit, and other intentional misrepresentations which Plaintiff relied upon informing his decision regarding the loan transactions.

31.   As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and must be awarded punitive damages.

32.   As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded punitive damages.

33.   As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages and must be awarded punitive damages.

34.     As a direct and proximate result of the Defendants' intentional misrepresentation, Plaintiff sustained severe and catastrophic economic damages as well as severe emotional and physical damages; as such, the Defendants' conduct was sinister, callous, and done with malice, oppression and fraud, and the Defendants should be punished accordingly; therefore, Plaintiff respectfully requests and award of exemplary or punitive damages against the Defendants as the Court deems proper.

### SEVENTH CLAIM FOR RELIEF
Breach of the Covenant of Good Faith and Fair Dealing

35.     Plaintiff had oral and/or written agreements with all the Defendants and/or through the laws of agency, all the Defendants were bound by the agreements, oral or written made by and between Defendants to Plaintiff.

36.     Each agreement between Defendants and Plaintiff required that the Defendants deal fairly and in good faith with Plaintiff and not seek to take an undue advantage of Plaintiff in their weakened bargaining position and with their lesser knowledge, skill, education, and ability regarding the loan transactions.

37.     Defendants violated their duties and breached the covenant of good faith and fair dealing with Plaintiff and caused Plaintiff severe economic and personal damages.

38.     As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune.

39.     As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional and physical.

9

Complaint

40.     As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

**EIGHTH CLAIM FOR RELIEF**
Wrongful Foreclosure
Against INDYMAC BANK, COUNTRYWIDE, and QUALITY LOAN.

41.     On information and belief, MERS wrongfully acting as the Beneficiary substituted QUALITY LOAN as the successive trustee. and QUALITY LOAN recorded the Notice of Default.

42.     On the Notice of Breach, it stated, in part, that Plaintiffs as Trustor, to secure certain obligations in favor of MERS, as beneficiary.

43.     This representation was made by these defendants in order to induce reliance by Plaintiffs

44.     Plaintiffs did rely on these representations and because of their reliance their property has been foreclosed and title taken in the name of an unknown entity and Plaintiffs reliance was justified.

45.     Plaintiffs are informed and believe that the representation as stated on the Notice of Default were a false representation in the following particular(s)

A.   Documents were not provided to the trustee that showed that either MERS or INDYMAC BANK or COUNTRYWIDE were the Beneficiary and entitled to the payments.

B.   At the time QUALITY LOAN made the representations they knew they were false and were made for the sole purpose of inducing reliance.

46.     The actions of Defendants and each of them were fraudulent oppressive and

10

Complaint

malicious so as to warrant the imposition of exemplary damages, and that by virtue of Defendants conduct as set forth herein Plaintiffs is entitled to exemplary damages

47. As a direct and proximate result of the fraudulent conduct of the Defendants stated herein, Plaintiff obtained improper re-financing for his property which, with market conditions, now renders the property subject to economic failure.

48. Defendants, and each of them, have foreclosed on a property that they had no right to foreclose upon.

49. Defendants, have not produced the note to prove who the real party in interest is.

50. NRCP 17(a), requires that a real party in interest must commence an action or that action will be dismissed.

51. Here none of the defendants are the real party in interest as they have not provided nor can they provide the note.

52. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiff has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune and thus entitled to damages.

53. As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiff has sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and is entitled to damages.

54. As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiff has suffered and will continue to suffer in the future personal, mental, physical, and economic damages.

### NINTH CLAIM FOR RELIEF
Unfair Lending Practices
Against all Defendants

54.     Defendants, and each of them violated Section 598D of the Nevada Revised Statutes defining unfair lending practices.

55.     Defendants, and each of them, knowingly or intentionally made a home loan to Plaintiff without determining, using commercially reasonable means or mechanism, that the borrower has the ability to repay the loan.

56.     Pursuant to NRS 598D.110 Plaintiff is entitled to treble damages.

57.     Pursuant to NRS 598D.110 Plaintiff is entitled to cancelation of any pending foreclosure sale as well as cure to any existing default.

WHEREFORE, Plaintiffs prays for damages as follows:

1.      For compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

2.      For punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

3.      For any statutory damages according to law;

4.      For Injunctive Relief including the issuance of a restraining order and thereafter a preliminary injunction to maintain the status quo pending final adjudication;

5.      For attorney's fees in the event that counsel is retained;

6.      For such further and other relief as the Court deems just and proper.

Dated: November, _13_ 2008

_____
EDNA IGAYAC

_____
ALBERT IGAYAC

Complaint

## VERIFICATION

I, ALBERT IGAYAC, am the Plaintiff in the above-entitled action. I have read the foregoing

Complaint and know the contents thereof. The same is true of my own knowledge, except as to

those matters which are therein alleged on information and belief, and as to those matters, I

believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and

that this declaration was executed at Clark County, Nevada.

DATED: November 13, 2008

_____
ALBERT IGAYAC

## ACKNOWLEDGMENT

State of Nevada     )
                    )
County of Clark     )

Before me a notary public in and for the County of Clark, State of Nevada personally appeared

ALBERT IGAYAC who upon satisfactory proof shown to me established that he was the party

who signed the foregoing complaint.

Dated this  13  day of November 2008

_____
Notary Public in and for said County and State

MICHELLE MONTANO
Notary Public State of Nevada
No. 00-60798-1
My appt. exp. Sept. 16, 2012

13

Complaint

VERIFICATION

I, ALBERT IGAYAC, am the Plaintiff in the above-entitled action. I have read the foregoing

Complaint and know the contents thereof. The same is true of my own knowledge, except as to

those matters which are therein alleged on information and belief, and as to those matters, I

believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and

that this declaration was executed at Clark County, Nevada.

DATED: November 13 2008

_____
EDNA IGAYAC

ACKNOWLEDGMENT

State of Nevada    )
                   )
County of Clark    )

Before me a notary public in and for the County of Clark, State of Nevada personally appeared

EDNA IGAYAC who upon satisfactory proof shown to me established that she was the party

who signed the foregoing complaint.

Dated this 12 day of November 2008

MICHELLE MONTANO
Notary Public State of Nevada
No. 00-60798-1
My appt. exp. Sept. 16, 2012

_____
Notary Public in and for said County and State

14

Complaint

1   RECORDING REQUESTED BY Plaintiff ALBERT IGAYAC   FILED

2   AND WHEN RECORDED MAIL TO:   ORIGINAL

    Nov 14  12 39 PM '08

3   ALBERT IGAYAC
    7957 Skyline View Court
4   Las Vegas, NV 89113

    CLERK OF THE COURT

5

6

7

8   SPACE ABOVE THIS LINE FOR RECORDER'S USE

9

10                        DISTRICT COURT

11                    CLARK COUNTY NEVADA

12   EDNA IGAYAC, ALBERT IGAYAC,                    A 5 7 5 7 2 9
13   Husband and Wife

14                                        Case No._____

15                                        Department___XX\11

16              Plaintiff,

17   V.                                   NOTICE OF PENDENCY OF ACTION

18                                        NRS 14.010 Et. Seq.
     INDYMAC BANK, QUALITY LOAN SERVICE
19   CORP., and Does 1-X Inclusive.

20              Defendant.

21

22                        NOTICE OF PENDENCY OF ACTION

23   Notice is given that the above-entitled action was filed in the above-entitled court on November

24   _____ 2008 by ALBERT IGAYACPlaintiff, INDYMAC BANK, QUALITY LOAN SERVICE

25   CORP., and Does 1-X Inclusive. and Does I through X inclusive, Defendants.  The Action affects

26   the title to a specific parcel of Real Property and the right to lawful possession of the same, the

27

28                                          1

RECEIVED
NOV 14 2008
CLERK OF THE COURT

1   property location is: 7957 Skyline View Court, Las Vegas, NV 89113

2   and whose Legal description is as follows:

3

4   APN: 176-104-13-056

5       Lot ONE HUNDRED SIXTY-TWO (162) in Block ONE (9) of the Final Map of
        NEVADA TRAILS R2-55 No. 5 PHASE II as shown by Map  thereof on file in Book
6       109 of Plats Page (23) in the Office of the County Recorder of Clark County Nevada

7

8   and which is identified in the complaint in this action. The property affected by the action is

9   located in the County of Clark, Nevada. The nature of the claims is (i) FRAUD (ii) Civil

10  Conspiracy (iii) Slander of Title (iii) Wrongful Foreclosure (iv) Defective Notices (v) TO SET

11  ASIDE A FORECLOSURE SALE (vi) RESPA VIOLATIONS, (vii) Breach of Fiduciary Duty

12  Dated: November 13, 2008.

13

14

15                                  ALBERT IGAYAC
                                    Plaintiff in Pro Se.
16

17                                  ACKNOWLEDGMENT

18

19  Subscribed and sworn to before me this 13 day of November, 2008

20

21  Notary Public in and for the County of Clark,
    State of Nevada
22

23                                          MICHELLE MONTANO
                                            Notary Public State of Nevada
24                                          No. 00-60798-1
                                            My appt. exp. Sept. 16, 2012
25

26

27

28                                  2

# District Case Inquiry - Case Activity

Home

| | |
|---|---|
| Summary | **Case** 08-A-575729-C |
| Case Activity | **Plaintiff** Igayac, Edna |
| Calendar | **Defendant** Indymac Bank |
| Continuance | |
| Minutes | **Judge** Silver, Abbi |
| Parties | |
| Judgments | |

**Status** ACTIVE

**Attorney** Pro Se
**Attorney** ## Unknown ##

**Dept.**    15

**Total of 4 entries, presently displaying 1 through 4.
Entries are displayed most recent first.**

District Case
Party Search
Corp. Search
Atty. Search
Bar# Search
ID Search

Calendar Day
Holidays

Help
Comments &
Feedback
Legal Notice

| Filed Date | Description | Performed |
|---|---|---|
| 12/28/2008 | Reassign Case From Judge Halverson To Judge Silver | |
| 11/14/2008 | NOTICE OF LIS PENDENS | |
| | **For** All Plaintiffs | |
| | **Filed By** All Plaintiffs | 2 pages |
| 11/14/2008 | INITIAL APPEARANCE FEE DISCLOSURE | |
| | **For** All Plaintiffs | |
| | **Filed By** All Plaintiffs | 1 page |
| 11/14/2008 | COMPLAINT FILED Fee $181.00 | |
| | **For** Igayac, Edna | 14 pages |

**Entries:** (1 - 4)

Top Of Page

**Generated by BLACKSTONE ... the Judicial System
© 2009 All Rights Reserved, CMC Software**



http://courtgate.coca.co.clark.nv.us/DistrictCourt/asp/CaseActivity.asp          2/5/2009